# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KAY M. CHANDLER,

    Petitioner,

v.

DEPARTMENT OF VETERAN AFFAIRS,

    Respondents.

Case No. C08 -5095RBL

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

    Kay M. Chandler seeks an Order permitting her to proceed in forma pauperis under 28 U.S.C. §1915. Chandler seeks to sue the Department of Veteran Affairs for $10.5 million. Her claim arises out of what she asserts was an unnecessary hysterectomy in 1974. The remaining factual and legal basis of this claim is not entirely clear. In April 2004, Chandler (then represented by counsel) apparently prevailed in a Board of Veterans' Appeals decision of a1987 disability rating decision.

    Apparently as the result of that decision, the Department of Veterans Affairs, Seattle Regional Office, issued a rating decision on May 20, 2004, which determined she was entitled to "an earlier effective date for service connection for Abdominal Hysterectomy." the effective date was established as January 28, 1987.

    Chandler filed her Application and proposed civil Complaint on February 19, 2008. She claims she receives various disability benefits totaling $5212 annually; $500 in savings, and ownership of real property valued at $150 in Texas. She claims to support her mother with $120 per month. It is not clear whether she

is employed, and while she acknowledges she leases the home in which she resides, she does not outline her monthly expenses.

## DISCUSSION AND CONCLUSION

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. See 28 U.S.C. § 1915(a). The court has broad discretion in reviewing an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

As an initial matter, Ms. Chandler appears to meet the requirements of indigence under the relevant statutes. However, the court is also mindful that even if a would-be plaintiff is indigent, the right to file a complaint may be denied at the outset "if it appears from the face of the proposed complaint that the action is frivolous or without merit." *See Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Here, the hysterectomy of which the Plaintiff complains occurred in 1974, and claims arising from it would be time barred under any limitations period. Additionally, the basis of this court's jurisdiction is not clear; plaintiff appears to be appealing either the May 2004 decision in her favor or a June 2006 "decision" which is not attached to her complaint.

The proposed complaint does not identify any basis for the jurisdiction of this court, and none is readily inferred from the nature of the claims asserted, no matter how broadly they are construed. A complaint "is frivolous if it has no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370. Nevertheless, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies cannot be cured by any amendment." *Id.*

It cannot be said that the proposed complaint is so flawed that it must necessarily be dismissed, even after any amendment. The Petition to proceed in forma pauperis is therefore **GRANTED**.

The Plaintiff is further **DIRECTED** to **AMEND** her complaint no later than March 28, 2008. This amended complaint shall describe the factual and legal basis for the court's jurisdiction, outline the legal claims asserted and the specific parties against whom they are brought, and provide some legitimate basis for concluding that the claim is not time barred.

//

If the claim is in fact an appeal of an administrative decision, that decision should be attached and referenced, and Plaintiff should allege what errors she believes were made. If the Amended Complaint does not address these fundamental issues, the Plaintiff faces dismissal of the action.

. DATED this 5th day of March, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE